W. Craig **AULENBACH**, Movant

v.

**KENTUCKY BAR ASSOCIATION,**
**Respondent.**

No. 2013–SC–000222–KB.

Supreme Court of Kentucky.

May 23, 2013.

---

1. Kentucky Bar Association (KBA) Member No. 02215; admitted to practice law in Ken-

## OPINION AND ORDER

The Inquiry Commission issued a three-count charge against W. Craig Aulenbach,[1] alleging violations of Kentucky Supreme Court Rules of Professional Conduct (SCR) 3.130–1.15(b), 3.130–1.15(c), and 3.130–8.4(c). The facts appear to be uncontested. Aulenbach admits that he violated SCR 3.130–1.15(b), 3.130–1.15(c), and 3.130–8.4(c); and he moves the Court to impose the sanction of a thirty-day suspen-

tucky in 1978; bar roster address 611 Rothbury Lane, Louisville, KY 40243.

sion from the practice of law, probated for one year, with conditions. The KBA does not object to the motion.

## I. KBA FILE NO. 20794.

In January 2007, Charles "Chuck" Harlow entered into a written lease with David George to rent a house owned by George. After Harlow was injured in an automobile accident shortly after his tenancy began, he could not work and was unable to pay his rent and utilities charges. Harlow retained Aulenbach to represent him on his claim for personal injuries resulting from the automobile accident.

George paid Harlow's utilities bills and permitted Harlow to continue living in the house rent-free in exchange for Harlow's promise to pay George past rent, utilities, and late fees from the proceeds of any settlement or judgment that Aulenbach obtained on Harlow's behalf. George, Harlow, and Aulenbach participated in a three-way telephone conversation in which Aulenbach told George that if Harlow signed a contract promising to pay George the past rent, utilities, and late fees from the proceeds of his personal injury claim, Aulenbach would pay George from the proceeds once the case settled. In September 2008, Harlow and George entered into a contract, which states that they "request the proceeds from the lawsuit to pay the following bills, when the funds are received to Aulenbach [sic]." The contract then sets forth the amounts owed for monthly rent and utilities through December 2008. George sent Aulenbach a copy of this contract, which Aulenbach received.

George retained attorneys Michael Reilly and Brent Asseff to represent him regarding Harlow's overdue rent and utilities bills. In an April 2009 letter, Reilly asked Aulenbach to notify him when distribution of the settlement funds from Harlow's personal injury claim was imminent.

A few days later, George and Harlow entered into a new contract, which included bills from additional months. The contract is signed by both parties and states, in part:

> This letter agreement is to confirm that David George is taking an assignment on the settlement account from Chuck Harlow that was from a car accident suit.... Attorney Craig Aulenbach will be receiving the proceeds in escrow from this settlement after attorney fees have been paid. David George will receive a check for $22,909.85, which will include rent, water and electric bills, and late fees ... that Chuck Harlow accumulated after residing at 3501 Gladden Dr., Louisville, KY 40218. Chuck Harlow agreed that he would pay this amount after his settlement. This amount must be paid within ten (10) days of the settlement deposit.

George forwarded a copy of this contract to Aulenbach. Aulenbach assured George and Reilly on multiple occasions that he would escrow any settlement money and that Harlow's contractual obligations to George would be satisfied out of the settlement proceeds.

In letters dated May 13, 2009, and October 15, 2009, Reilly asked Aulenbach to advise him of the status of the settlement negotiations. Aulenbach settled Harlow's personal injury claim on or around October 29, 2009, and deposited the proceeds in his escrow account. Aulenbach disbursed the settlement funds to his client, did not promptly notify George or Reilly of the settlement, and did not deliver any payment to George.

The Commission issued a three-count charge against Aulenbach, alleging that Aulenbach violated (1) SCR 3.130–1.15(b),[2]

---

**2.** SCR 3.130–1.15(b) provides that "[u]pon receiving funds or other property in which a

by not notifying George or his attorney that he had received settlement funds and by not delivering to George the money he was entitled to receive; (2) SCR 3.130–1.15(c),[3] by not maintaining in his escrow account the amount of settlement funds in which George claimed an interest until any dispute regarding the funds was resolved; and (3) SCR 3.130–8.4(c),[4] by telling George and Reilly that Harlow's contractual obligations to George would be met out of the settlement proceeds and then not making any payment to George from those proceeds.

## II. CONCLUSION.

Aulenbach admits that he violated SCR 3.130–1.15(b), 3.130–1.15(c), and 3.130–8.4(c). Under SCR 3.480(2), Aulenbach and the KBA agreed to a negotiated sanction of a thirty-day suspension from the practice of law, probated for one year, with conditions. We agree that this sanction is the appropriate penalty. For the foregoing reasons, the Court ORDERS:

1) W. Craig Aulenbach, KBA Member No. 02215, is guilty of all charges alleged in KBA File No. 20794;

2) Aulenbach's motion for a thirty-day suspension, probated for one year, with conditions, is GRANTED; and for violation of SCR 3.130–1.15(b), 3.130–1.15(c), and 3.130–8.4(c), Aulenbach is suspended from the practice of law for thirty days, probated for one year, provided Aulenbach incurs no additional disciplinary charges during that one-year time period;

3) Aulenbach will attend, at his expense, and successfully complete the next scheduled Ethics and Professionalism Enhancement Program (EPEP) offered by the Office of Bar Counsel (OBC), separate and apart from his fulfillment of any other continuing legal education (CLE) requirement, within one year from the date of this order. Aulenbach will not apply for CLE credit of any kind for this program. Aulenbach will furnish a release and waiver to the OBC to review his records in the CLE department that might otherwise be confidential, such release to continue in effect until one year after he completes EPEP, in order to allow the OBC to verify that he has not reported any such hours to the CLE Commission;

4) If Aulenbach fails to comply with any of the terms of discipline as set forth herein, upon motion of the KBA, the Court may impose the thirty-day suspension; and

5) Under SCR 3.450, Aulenbach shall pay all costs associated with this disciplinary proceeding, in the amount of $68.15, for which execution may issue from this Court upon finality of this Opinion and Order.

client or third person has an interest, a lawyer shall promptly notify the client, third person, or both in the event of claims by each to the property. Except as stated in this Rule or otherwise permitted by law or by agreement with the client, third person, or both in the event of a claim by each to the property, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property."

3. SCR 3.130–1.15(c) states that "[w]hen in the course of representation a lawyer is in possession of property in which two or more persons (one of whom may be the lawyer) claim interests, the property shall be kept separate by the lawyer until the dispute is resolved. The lawyer shall promptly distribute all portions of the property as to which the interests are not in dispute."

4. SCR 3.130–8.4(c) prohibits an attorney from "engag[ing] in conduct involving dishonesty, fraud, deceit or misrepresentation[.]"

All sitting. MINTON, C.J.; ABRAMSON, CUNNINGHAM, KELLER, NOBLE, and VENTERS, JJ., concur. SCOTT, J., dissents and would reject the negotiated sanction and impose a sixty-day suspension for AULENBACH, with thirty days probated for one year.